IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANA GINAVAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARD ROCK CAFE INTERNATIONAL )<br>(USA), INC., )<br>)<br>Defendant. ) | Case No. 4:19-cv-00091-BP |

**DEFENDANT'S SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Defendant Hard Rock Cafe International (USA), Inc. ("Hard Rock"), by and through its undersigned counsel, and submits the following suggestions in support of its Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction:

**I. Introduction**

Plaintiff alleges in her complaint that while staying at a resort in Punta Cana, Dominican Republic owned and/or operated by Hard Rock she tripped over a prop in a Halloween haunted house and injured her knees. She alleges that the haunted house was erected, managed and maintained by resort employees, and that Hard Rock was negligent with respect to the setting up and operation of that haunted house. Plaintiff avers that Hard Rock's negligence with respect to the haunted house caused her injuries.

Plaintiff also alleges (presumably in the alternative) that Hard Rock is vicariously liable for Plaintiff's injuries based on the actions of its alleged agent Inversiones Zahena S.A. de C.V. ("Inversiones"). Plaintiff alleges that Inversiones is a Mexican company and that it manages and/or operates the resort where Plaintiff was injured on behalf of Hard Rock.

1

9704014v.1

The Complaint contains no allegations connecting Hard Rock or Inversiones to Missouri. Because this Court lacks personal jurisdiction over Hard Rock, a Florida corporation with its principal place of business in Florida, for an incident that occurred in the Dominican Republic, the Court should dismiss the Complaint.

## II. Argument

### A. Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id.*

In undertaking an analysis of personal jurisdiction, the Court must examine whether the exercise of such jurisdiction is proper under the long-arm statute of the forum state, Missouri. *The Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 225 (8th Cir. 1987). "Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, transact business, make a contract, or commit a tort within the state." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (citing M. Rev. Stat. § 506.500.1). In all instances, Missouri's long-arm statute requires that the cause of action arise from the doing of the enumerated act. Mo. Rev. Stat. § 506.500.3 ("Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.").

Additionally, due process requires minimum contacts between a non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). "The fundamental inquiry is whether the defendant has purposefully availed itself of the benefits and protections of the forum state to such a degree that it should reasonably anticipate being haled into court there." *Viasystems, Inc.*, 646 F.3d at 594. The defendant's relationship with the forum state "must arise out of contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Contacts between the plaintiff and the forum State do not satisfy the defendant-focused minimum contacts inquiry. *Id.*

Minimum contacts for personal jurisdiction may be evaluated under two theories: general jurisdiction and specific jurisdiction. *Viasystems, Inc.*, 646 F.3d at 593. For a corporation, the paradigm forum for the exercise of general jurisdiction is the place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For general jurisdiction to exist for a foreign corporation in a forum State, the corporation's affiliations with the State must be so continuous and systematic as to render the corporation essentially at home in the forum State. *Id.* at 138-39.

Specific jurisdiction is proper "only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).

**B.  General Jurisdiction Does Not Exist Over Hard Rock in Missouri**

In regard to general jurisdiction, in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Supreme Court emphasized that general jurisdiction may be exercised over a corporation only in those states where the corporation can be considered to be "*at home*." Here, Plaintiff alleges in

3
9704014v.1

her Complaint that Hard Rock is a Florida corporation with its principal place of business in Orlando, Florida. Plaintiff pleads no facts whatsoever of a connection between Hard Rock and Missouri, much less sufficient facts to render Defendant *at home* in Missouri in order to support the exercise of general jurisdiction.

Because this Court's exercise of general personal jurisdiction over Hard Rock would violate due process, Plaintiff's Complaint must be dismissed. *See Daimler*, 571 U.S. at 137-39.

### C. Specific Jurisdiction is Lacking over Hard Rock Because Plaintiff's Claim Does Not Arise Out of Any Alleged Contact with Missouri

There is no basis for the exercise of specific jurisdiction over Hard Rock as to Plaintiff's claim in this case. Plaintiff alleges a negligence claim against Hard Rock based on an alleged personal injury that occurred when she tripped in a resort in the Dominican Republic. The alleged wrongful conduct of Hard Rock, and its alleged agent, Inversiones, as averred in the Complaint, occurred entirely in the Dominican Republic.

Plaintiff alleges no facts showing that her personal injury claim arose out of a particular contact that Hard Rock or Inversiones had with Missouri. In fact, the only connection to Missouri that is alleged in the Complaint is that Plaintiff resides in Missouri. However, the personal jurisdiction inquiry is *defendant-centric* and a plaintiff's connection to a forum state is not relevant to the question of jurisdiction.

Because the exercise of specific jurisdiction by this Court as to Plaintiff's claim would violate Hard Rock's due process rights, the Complaint must be dismissed for lack of personal jurisdiction.

WHEREFORE, Defendant Hard Rock Cafe International (USA), Inc., prays that the Court dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

9704014v.1

Dated: March 25, 2019

                          Respectfully submitted,

                          **Hard Rock Cafe International (USA), Inc.**

                          By:   */s/ Daniel E. Tranen*
                          Daniel E. Tranen, #48585
                          Jason D. Johnson #58209
                          Wilson Elser Moskowitz
                            Edelman & Dicker LLP
                          101 West Vandalia Street, Suite 220
                          Edwardsville, Illinois 62025-0510
                          Phone: (618) 307-0200
                          Fax:   (618) 307-0221
                          daniel.tranen@wilsonelser.com
                          jason.johnson@wilsonelser.com

## **CERTIFICATE OF SERVICE**

     I, hereby certify that on this 25th day of March, 2019, I served a true and accurate copy of the foregoing document upon counsel of record below via the court's electronic filing system.

                                      */s/ Daniel E. Tranen*