# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANA GINAVAN,<br><br>          Plaintiff,<br><br>v.<br><br>HARD ROCK CAFE INTERNATIONAL (USA), INC. d/b/a Hard Rock Hotel & Casino Punta Cana,<br><br>          Defendant. | Case No.    4:19-cv-00091-BP<br><br>Chief Judge Beth Phillips<br><br>**JURY TRIAL REQUESTED** |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Dana Ginavan, by and through undersigned counsel, and for her causes of action, alleges and states as follows:

### PARTIES, JURISDICTION, VENUE AND ALLEGATIONS AS TO ALL COUNTS

1. The Plaintiff is, and was at all times material hereto, a resident of and domiciled in the state of Missouri.

2. At all times material hereto, Defendant Hard Rock Cafe International (USA), Inc. d/b/a Hard Rock Hotel & Casino Punta Cana (hereinafter "Hard Rock") was and is a Florida corporation with its principal place of business located at 6100 Old Park Lane, Orlando, Florida 32835.

3. This is an action for damages in excess of seventy-five thousand dollars ($75,000.00) exclusive of interests, costs and attorneys' fees.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. This Court has jurisdiction over Hard Rock because at all relevant times, Hard Rock conducted sufficient business within the State of Missouri, had sufficient minimum contacts, and

otherwise intentionally availed itself of jurisdiction in Missouri by enticing the Plaintiff to visit the Hard Rock resort in Punta Cana, Dominican Republic, through advertisements, its website, promotions, and marketing materials; Hard Rock further transacted business in the State of Missouri by accepting money from Plaintiff's bank account and credit card in Missouri; and all of which render the exercise of jurisdiction by Missouri courts permissible under traditional notions of fair play and substantial justice pursuant to RSMo. § 506.500.

6. Upon information and belief, Hard Rock owns and/or operates the Hard Rock Cafe & Casino Punta Cana (hereinafter the "Resort").

7. Upon information and belief, Inversiones Zahena S.A. de C.V. (hereinafter "Inversiones") is a Mexican company which manages and/or operates the Resort for Hard Rock; Inversiones and Hard Rock are engaged in a formal and/or informal business relationship; and those entities are parties to an express or implied contract which sets forth the rights and duties of Hard Rock and Inversiones.

8. Upon information and belief, Hard Rock and Inversiones have a shared or community interest in performance for a common purpose of owning, managing, and/or operating the Resort in Punta Cana, Dominican Republic.

9. Upon information and belief, Hard Rock has control or the right to control Inversiones in its management and/or operation of the Resort, to train and qualify Resort employees, to the manner in which the Resort property is maintained so that the Resort maintains certain rules and standards developed by Hard Rock, to control the atmosphere, look and feel of the Resort, and control over employee hiring, firing, retention, appearance, and performance.

10. Upon information and belief, Hard Rock provides training manuals for the operation and management of Resort employees and ensures or should ensure that Inversiones enforces the rules therein.

11. Upon information and belief, Hard Rock and Inversiones, pursuant to an express or implied contract, maintain a joint proprietary interest in the Resort, full or partial ownership in the Resort, and have a right to share in the profits and losses of the Resort.

12. Upon information and belief, Hard Rock and Inversiones are engaged in an agency relationship with Hard Rock as the principal and Inversiones as the agent and/or apparent agent with respect to management, operation, and ownership of the Resort; and Inversiones accepted the role of agent and/or apparent agent.

13. On or about October 31, 2017, the Plaintiff was a guest of the Resort in Punta Cana, Dominican Republic, when she tripped over a prop in a Halloween "haunted house" erected, managed and maintained by Resort employees.

14. The prop was not visible to Resort guests, including the Plaintiff, and despite exercising the highest degree of caution, Plaintiff was unable to navigate around the prop without falling.

15. As a result of her fall, the Plaintiff injured both knees, including internal derangement, which required surgery to repair.

## COUNT I - NEGLIGENCE

16. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

17. Hard Rock had an affirmative duty of ordinary care to maintain its premises including the Resort, in a condition that was safe for all invitees, including the Plaintiff, through

proper inspections, maintenance, and repairs and to correct dangerous conditions of which it knew or should have known through the exercise of ordinary care.

18. Hard Rock had actual or constructive knowledge that the prop placed in a dark Halloween haunted house was unreasonable and dangerous to invitees, including the Plaintiff.

19. Hard Rock failed to use ordinary care to prevent serious injury of the Plaintiff, and was negligent in at least one or more of the following ways:

    (a) Failing to provide proper lighting in the haunted house;

    (b) Failing to properly and regularly inspect the area do discover hazards such as the one encountered by the Plaintiff;

    (c) Failing to develop a policy or procedure in place maintaining the area in question;

    (d) Failing to place the prop in a safe location;

    (e) Failing to warn the Plaintiff about the prop; and

    (f) Failing to remediate the hazard.

20. As a direct and proximate result of Hard Rock's negligence, the Plaintiff fell and suffered severe personal injuries and damages, including pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, medical expenses, loss of enjoyment of life in the past and will continue to suffer these losses in the future.

WHEREFORE, Plaintiff prays for an award of damages against Hard Rock in an amount to be determined by the jury, together with interest and costs of suit, and for such other relief as this Court deems just and proper.

## COUNT II - VICARIOUS LIABILITY

21. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

22. Hard Rock is liable for the negligent acts and omissions of Inversiones because Hard Rock and Inversiones are engaged in a joint venture.

23. Hard Rock is liable for the negligent acts and omissions of its agent, Inversiones, as principal.

24. Inversiones had an affirmative duty to maintain the premises including the Resort in a safe condition for all invitees through proper inspections, repairs, and maintenance and to correct dangerous conditions of which it knew of should have known by the exercise of reasonable care.

25. Inversiones has actual or constructive knowledge that the prop and haunted house was unreasonably dangerous.

26. Inversiones knew or should have known that the area at issue constituted an unreasonable hazard and breached their duty of care in one or more of the following ways:

   (a) Failing to provide proper lighting in the haunted house;

   (b) Failing to properly and regularly inspect the area do discover hazards such as the one encountered by the Plaintiff;

   (c) Failing to develop a policy or procedure in place maintaining the area in question;

   (d) Failing to place the prop in a safe location;

   (e) Failing to warn the Plaintiff about the prop; and

   (f) Failing to remediate the hazard.

27. As a direct and proximate result of Inversiones' negligence, the Plaintiff fell and suffered severe personal injuries and damages, including pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, medical expenses, loss of enjoyment of life in the past and will continue to suffer these losses in the future.

28. The Plaintiff reasonably relied on the apparent agency relationship between Hard Rock and Inversiones due to the manner in which the Resort conducts business under the "Hard Rock" name including the use of its logos. Further, Resort employees appeared to the Plaintiff as being Hard Rock employees.

WHEREFORE, Plaintiff prays for an award of damages against Hard Rock in an amount to be determined by the jury, together with interest and costs of suit, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all counts herein.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

_____
Raymond H. Salva, Jr.    Mo. Bar No. 66191
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: rsalva@bktplaw.com
ATTORNEY FOR PLAINTIFF