# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANA GINAVAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:19-cv-00091-BP ) |
| HARD ROCK CAFE INTERNATIONAL (USA), INC., | ) ) ) ) |
| Defendant. | ) |

**<u>DEFENDANT'S SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION</u>**

COMES NOW Defendant Hard Rock Cafe International (USA), Inc. ("Hard Rock"), by and through its undersigned counsel, and submits the following suggestions in support of its Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction:

## I. Introduction

Plaintiff alleges in her First Amended Complaint that while staying at a resort in Punta Cana, Dominican Republic owned and/or operated by Hard Rock she tripped over a prop in a Halloween haunted house and injured her knees. She alleges that the haunted house was erected, managed and maintained by resort employees, and that Hard Rock was negligent with respect to the setting up and operation of that haunted house. Plaintiff avers that Hard Rock's negligence with respect to the haunted house caused her injuries.

Plaintiff also alleges (presumably in the alternative) that Hard Rock is vicariously liable for Plaintiff's injuries based on the actions of its alleged agent Inversiones Zahena S.A. de C.V. ("Inversiones"). Plaintiff alleges that Inversiones is a Mexican company and that it manages and/or operates the resort where Plaintiff was injured on behalf of Hard Rock.

1

The First Amended Complaint contains vague jurisdictional allegations that simply parrot the federal jurisdiction test. The only somewhat specific factual allegations made by Plaintiff are that she was enticed to visit the resort via advertisements and that Hard Rock accepted money from Plaintiff's bank account and credit card in Missouri. Neither of these allegations (even if true) come close to establishing jurisdiction over Hard Rock in Missouri. Hard Rock's sworn affidavits attached hereto prove that it and Inversiones have zero connection to Missouri, much less the minimum contacts necessary to establish personal jurisdiction. Because this Court lacks personal jurisdiction over Hard Rock, a Florida corporation with its principal place of business in Florida, for an incident that occurred in the Dominican Republic, the Court should dismiss the First Amended Complaint.

## II. Argument

### A. Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id.*

In undertaking an analysis of personal jurisdiction, the Court must examine whether the exercise of such jurisdiction is proper under the long-arm statute of the forum state, Missouri. *The Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 225 (8th Cir. 1987). "Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, transact business, make a

contract, or commit a tort within the state." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (citing M. Rev. Stat. § 506.500.1). In all instances, Missouri's long-arm statute requires that the cause of action arise from the doing of the enumerated act. Mo. Rev. Stat. § 506.500.3 ("Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.").

Additionally, due process requires minimum contacts between a non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). "The fundamental inquiry is whether the defendant has purposefully availed itself of the benefits and protections of the forum state to such a degree that it should reasonably anticipate being haled into court there." *Viasystems, Inc.*, 646 F.3d at 594. The defendant's relationship with the forum state "must arise out of contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Contacts between the plaintiff and the forum State do not satisfy the defendant-focused minimum contacts inquiry. *Id.*

Minimum contacts for personal jurisdiction may be evaluated under two theories: general jurisdiction and specific jurisdiction. *Viasystems, Inc.*, 646 F.3d at 593. For a corporation, the paradigm forum for the exercise of general jurisdiction is the place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For general jurisdiction to exist for a foreign corporation in a forum State, the corporation's affiliations with the State must be so continuous and systematic as to render the corporation essentially at home in the forum State. *Id.* at 138-39.

In contrast, specific jurisdiction is proper "only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).

### B. General Jurisdiction Does Not Exist Over Hard Rock in Missouri

In regard to general jurisdiction, in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Supreme Court emphasized that general jurisdiction may be exercised over a corporation only in those states where the corporation can be considered to be "*at home*." Here, Plaintiff alleges in her First Amended Complaint that Hard Rock is a Florida corporation with its principal place of business in Orlando, Florida. She does not appear to rely on general jurisdiction as a basis for jurisdiction, because she cites to Missouri's long arm statute (RSMo. § 506.500) which relies on specific jurisdiction. Furthermore, there is no evidence or even an allegation that Hard Rock is domiciled in Missouri, and thus it is not subject to general personal jurisdiction in Missouri. *See Levine Hat Co. v. Innate Intelligence, LLC*, Case No. 4:16-cv-1132-CEJ, 2017 WL 3021526, *3 (E.D. Mo. July 17, 2017). Thus, the First Amended Complaint does not allege sufficient facts to render Hard Rock *at home* in Missouri in order to support the exercise of general jurisdiction.

Because this Court's exercise of general personal jurisdiction over Hard Rock would violate due process, Plaintiff's First Amended Complaint must be dismissed. *See Daimler*, 571 U.S. at 137-39.

### C. Specific Jurisdiction is Lacking over Hard Rock Because Plaintiff's Claim Does Not Arise Out of Any Alleged Contact with Missouri

There is no basis for the exercise of specific jurisdiction over Hard Rock as to Plaintiff's claim in this case. Plaintiff alleges a negligence claim against Hard Rock based on an alleged personal injury that occurred when she tripped at a resort in the Dominican Republic. The

4
9757818v.1

alleged wrongful conduct of Hard Rock, and its alleged agent, Inversiones, as averred in the First Amended Complaint, occurred entirely in the Dominican Republic.

Notwithstanding the fact that the alleged tort occurred in the Dominican Republic, Plaintiff attempts to assert this Court's specific jurisdiction over Hard Rock by alleging that

> Hard Rock conducted sufficient business with the State of Missouri, had sufficient minimum contacts, and otherwise intentionally availed itself of jurisdiction in Missouri by enticing the Plaintiff to visit the Hard Rock resort in Punta Cana, Dominican Republic, through advertisements, its website, promotions, and marketing materials; Hard Rock further transacted business in the State of Missouri by accepting money from Plaintiff's bank account and credit card in Missouri; and all of which render the exercise of jurisdiction by Missouri courts permissible under traditional notions of fair play and substantial justice pursuant to RSMo. § 506.500.

1st Am. Compl., ¶ 5. Plaintiff's allegation that Hard Rock "conducted sufficient business" in Missouri is vague and unsupported by any facts. That leaves only Plaintiff's advertising allegation and the acceptance of money allegation as Plaintiff's sole remaining jurisdictional allegations.

However, these allegations do not create specific jurisdiction in this case because they do not qualify as the commission of a tort, transaction of business, or making of a contract in Missouri, which are prerequisites under Missouri's long-arm statute. Plaintiff does not allege that Hard Rock's advertisements or acceptance of money constituted the commission of a tort. Plaintiff does not allege that any contract was entered into in Missouri. Hard Rock's acceptance of money from Plaintiff's bank account does not qualify as the transaction of business. *See Cepia, LLC v. Universal Pictures Visual Programming Limited*, 177 F.Supp.3d 1129, 1139-40 (E.D. Mo. 2016) ("[defendant]'s communications with [plaintiff] by phone, e-mail, and video conference, and the transmission of payments to U.S. Bank on behalf of [plaintiff], do not satisfy the transaction of business requirement").

5

Moreover, even if these alleged contacts qualified as the commission of a tort, creation of a contract, or transaction of business in Missouri, Plaintiff's negligence claim against Hard Rock did not arise out of any of these particular contacts with the State of Missouri. *See Nw. Chrysler Plymouth, Inc. v. DaimlerChrysler Corp.*, 168 S.W.3d 693, 696 (Mo. Ct. App. 2005) (holding that where tort claims did not arise out of contract, a Plaintiff could not establish an arbitrator's jurisdiction by virtue of an ancillary contractual relationship).

In *DaimlerChrysler*, the Missouri Appellate Court held that the plaintiff's tort claims did not arise out of a contractual agreement between the plaintiff and the defendant because "the resolution of the tort claims does not require an examination of the parties' respective obligations and performance under the [contract]." *Id.* The court further found that the petition did not allege a breach of the contract, nor did it identify any portion of the contract that would need to be referred to or interpreted to determine the tort claim. *Id.* at 696-97; *see also NCC Motorsports, Inc. v. K-VA-T Foodstores, Inc.*, 975 F.Supp.2d 993, 1000 (E.D. Mo. 2013) (noting that the contract prong of the long arm statute is inapplicable where the claim against the defendant sounds in tort); *Service Vending Co. v. Wal-Mart Stores, Inc.*, 93 S.W.3d 764 (Mo. Ct. App. 2002) (holding that a forum selection clause in contract had no application in a tort action, even if tort action would not have occurred but for the existence of a contract).

Other courts have found specific personal jurisdiction lacking in almost identical circumstances as those alleged in this case. In *Marino v. Haytt Corp.*, 793 F.2d 427 (1st Cir. 1986), a Massachusetts plaintiff made reservations and contracted with Hyatt (a Delaware corporation with its principal place of business in Chicago) through a travel agency in Massachusetts for a vacation at a Hyatt resort in Hawaii. *Id.* at 427. The plaintiff alleged that while she was staying at the Hyatt hotel in Hawaii, she slipped in the bathtub in her hotel room

6

and was injured. *Id.* The plaintiff filed suit in Massachusetts against Hyatt, and Hyatt moved to dismiss the complaint for lack of personal jurisdiction. The court affirmed the dismissal of her complaint for lack of personal jurisdiction finding that the injury that occurred in Hawaii did not "arise out of" the vacation reservations entered into by the plaintiff in Massachusetts. *Id.* at 430-31. The court noted that the complaint did not allege that the plaintiff's injuries were caused by Hyatt's breach of some specific promise made to the plaintiff in Massachusetts. *Id.* at 430.

Similarly, in *Fournier v. Best Western Treasure Island Resort*, 962 F.2d 126 (1st Cir. 1992), the plaintiff made her travel arrangements within her home state, but was injured at her ultimate destination (an out-of-state resort). *Id.* at 127. The plaintiff sued for damages in her home state stemming from the out-of-state accident. *Id.* Just as in the *Marino* case, the federal appellate court again found that the out-of-state injury did not arise out of the travel arrangements made in-state, and therefore, found that personal jurisdiction was lacking. *Id.* *See also Pizarro v. Hoteles Concorde Intern., C.A.*, 907 F.2d 1256 (1st Cir. 1990) (holding no specific personal jurisdiction in Puerto Rico over foreign corporation operating in Florida for personal injuries suffered at hotel in Aruba because injuries did not arise out of advertisements in Puerto Rico).

Here, the resolution of Plaintiff's negligence claim would not involve any examination of advertisements seen by Plaintiff in Missouri or money paid by Plaintiff in Missouri. In fact, Plaintiff merely mentions the alleged advertising and payment of money in passing as a jurisdiction allegation, and does not allege any details of the alleged advertising, or explain how her payment of money in Missouri figures into her tort allegations against Hard Rock. Plaintiff does not assert any contractual cause of action or false advertising cause of action in her First Amended Complaint. She certainly does not allege that her personal injury was caused by any

advertising from Hard Rock or the payment of money by her in Missouri. She does not even allege that there is any connection whatsoever between the alleged payment of money and her trip to the Dominican Republic. Likewise, she does not allege that any advertisements, marketing, or solicitation took place in Missouri. She also does not allege that Hard Rock specifically directed advertisements, marketing, or solicitations to Missouri in contrast to general marketing such as a website available to all 50 states. *See Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) ("The website's accessibility in Missouri alone is insufficient to confer personal jurisdiction"); *State ex rel. PPG Industries, Inc. v. McShane*, 560 S.W.3d 888, 892-93 (Mo. banc. 2018) (finding that a defendant's website with allegedly misleading statements that is viewable by a person in Missouri is insufficient to confer specific jurisdiction over defendant because the defendant "did nothing more than publish information that was equally as available to individuals in each of the other 49 states as it was to residents of Missouri"); *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F.Supp.2d 1082 (E.D. Mo. 2001) (rejecting argument that maintaining a website accessible in Missouri that provided information regarding hotel in Nevada conferred personal jurisdiction over Nevada defendant where Missouri plaintiff was injured in hotel in Nevada).

In the *Bell* case, the plaintiff was a Missouri resident and the defendant was a Nevada corporation with its principal place of business in Nevada. 200 F.Supp.2d at 1084. The plaintiff slipped and fell in a hotel in Nevada that was owned by the defendant. *Id.* As grounds for personal jurisdiction, the plaintiff alleged that the defendant solicited business in Missouri, and the only factual allegation supporting that claim was that the defendant maintained an internet website offering information about the hotel and allowing visitors of the site to make online hotel reservations. *Id.* at 1085. The court held that the defendant's maintenance of an internet website

did not subject the defendant to personal jurisdiction in Missouri. *Id.* First, the court found "no casual link or relationship between [the plaintiff's] accident and the sole forum contact by [the defendant], its website." *Id.* at 1088 ("The subject matter of plaintiff's suit is a slip and fall accident that occurred on the hotel premises in Las Vegas. That event is entirely unrelated to the defendant's website"). Second, the court held that "[t]o support personal jurisdiction, it is not enough for plaintiffs simply to allege the existence of an 'interactive' website. The nature of the website, its use in the forum, and the relation of that use to the litigation are critical in assessing personal jurisdiction." *Id.* at 1090.

Just as in the *Marino, Fournier*, *Pizarro* and *Bell* cases, it appears that Plaintiff at most made travel arrangements in her home state, and then her injury occurred out-of-state, purportedly due to alleged actions of Hard Rock that occurred entirely out-of-state. Therefore, there is no specific jurisdiction over Hard Rock as to Plaintiff's tort claim set forth in her First Amended Complaint.

Because the exercise of specific jurisdiction by this Court as to Plaintiff's claim would violate Hard Rock's due process rights, the First Amended Complaint must be dismissed for lack of personal jurisdiction.

WHEREFORE, Defendant Hard Rock Cafe International (USA), Inc., prays that the Court dismiss the First Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

Dated: April 17, 2019

                                        Respectfully submitted,

                                      **Hard Rock Cafe International (USA), Inc.**

                                      By:   */s/ Daniel E. Tranen*

9757818v.1

Daniel E. Tranen, #48585  
Jason D. Johnson #58209  
Wilson Elser Moskowitz  
  Edelman & Dicker LLP  
101 West Vandalia Street, Suite 220  
Edwardsville, Illinois 62025-0510  
Phone: (618) 307-0200  
Fax:    (618) 307-0221  
daniel.tranen@wilsonelser.com  
jason.johnson@wilsonelser.com  

## CERTIFICATE OF SERVICE

    I, hereby certify that on this 17th day of April, 2019, I served a true and accurate copy of the foregoing document upon counsel of record below via the court's electronic filing system.

___/s/ Daniel E. Tranen_____
