# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DANA GINAVAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARD ROCK CAFE INTERNATIONAL )<br>(USA), INC., )<br>)<br>Defendant. ) | Case No. 19-0091-CV-W-BP |

### ORDER AND OPINION (1) CONCLUDING THAT THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT AND (2) DIRECTING PLAINTIFF TO INDICATE WHETHER SHE DESIRES FOR THE CASE TO BE TRANSFERRED

Plaintiff filed this suit, asserting that she sustained injuries due to Defendant's negligence in maintaining its resort property. Defendant filed a motion to dismiss for lack of personal jurisdiction in Missouri. (Doc. 11.) Plaintiff filed a response in opposition to Defendant's motion to dismiss, (Doc. 18), but has not specified whether she would like the case transferred or dismissed in the event that Defendant's motion is granted. The Court concludes that it does not have personal jurisdiction over Defendant. The Court will defer taking any further action, however, to allow Plaintiff an opportunity to indicate whether she would like the case to be dismissed without prejudice or transferred, pursuant to 28 U.S.C. § 1406(a), to a court that has personal jurisdiction over the Defendant.

### I. BACKGROUND

Defendant is an international restaurant, entertainment, and hospitality business which operates, manages, licenses, and franchises cafés, hotels, and casinos. Defendant owns the Hard Rock Hotel & Casino in Punta Cana, Dominican Republic, a resort at which Plaintiff was a guest. (Doc. 8, ¶ 12.) On October 31, 2017, Plaintiff tripped and fell over a prop in a Halloween "haunted

house" on the resort property, which she alleges was negligently erected and maintained by Defendant. (Doc. 8, ¶ 13.) Plaintiff alleges she sustained knee injuries that ultimately required surgery. (Doc. 8, ¶¶ 14-15.) Plaintiff was treated for her injuries in Missouri. (Doc. 18, p. 5.)

Plaintiff is a resident of, and domiciled in, Missouri, (Doc. 8, ¶ 3), and she booked her travel through a Missouri-based travel agent. (Doc. 18-4, ¶¶ 1-2.) While Plaintiff's travel agent communicated with Defendant about accommodations, Plaintiff's agent ultimately booked her travel through American Airlines Vacations. (Doc. 18, p. 5; Doc. 18-4, ¶ 3.) Plaintiff paid with funds from a Missouri bank account. (Doc. 18, p. 5.) Plaintiff alleges that she based her purchasing decision on advertisements, website content, and marketing materials circulated in Missouri by Defendant. (*Id.*)

Defendant is a Florida corporation. (Doc. 8, ¶ 4.) The parties offer different cities for Defendant's principal place of business, but both agree it is located in Florida. (Doc. 8, ¶ 4; Doc. 22-1, ¶ 2.) Defendant does not currently own or operate any businesses in Missouri. A Hard Rock Café franchise previously operated in St. Louis, Missouri but it was permanently closed on August 16, 2018. (Doc. 18-3, p. 3-6.) There are numerous Hard Rock Café franchises in many states across the country; in fact, the St. Louis location was the ninety-seventh franchise to be opened nationwide. (*Id.* at p. 5.) In compliance with Missouri law, Hard Rock Café International (STP) filed an Annual Registration Report with the Missouri Secretary of State on February 26, 2018, while the St. Louis franchise was still open. (Doc. 18-2, p. 1.) Additionally, eight years ago, Defendant filed a lawsuit in Missouri federal court against a Missouri resident for unauthorized use of its trademarks. (Doc. 18-1.)

Defendant contends that the case must be dismissed for lack of personal jurisdiction, because it does not have the minimum contacts with Missouri necessary to satisfy the Due Process

2

Clause. Plaintiff opposes Defendant's motion, arguing that the Court has both general and specific jurisdiction over Defendant. As discussed more fully below, the Court concludes that Defendant is not subject to personal jurisdiction in this forum, but the Court defers further action so that Plaintiff can indicate whether she wants the case transferred to a proper forum.

## II. DISCUSSION

"Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.,* 646 F.3d 589, 592-93 (8th Cir. 2011) (internal quotation omitted). "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists" and must "make a prima facie showing of personal jurisdiction over the challenging defendant." *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). A court may resolve the motion by either holding a hearing or reviewing the evidentiary record. *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011).

"When assessing whether personal jurisdiction exists over a nonresident defendant, jurisdiction must be authorized by Missouri's long arm statute and the defendant must have sufficient minimum contacts with the forum state to satisfy due process." *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 911 (8th Cir. 2014). These are separate inquiries under the Missouri long arm statute. *See Myers v. Casino Queen*, 689 F.3d 904, 909-10 (8th Cir. 2012). Even if the long arm statute is satisfied, Plaintiff must present a prima facie case establishing that the requirements of the Due Process Clause have been met. Here, the Court is not persuaded that the Due Process Clause has been satisfied so the long arm statute need not be addressed.

As a general matter, due process protects a defendant from a judgment issued by a court in an unfamiliar forum. *Pangaea*, 647 F.3d at 745. Due process requires that a defendant have

sufficient "minimum contacts" with the forum state, so that a lawsuit against him does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction: general and specific. "When a cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. However, if the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003). Plaintiff argues that both specific and general jurisdiction exist over Defendant, so the Court will consider both.

### A. <u>Specific Jurisdiction</u>

The test for specific personal jurisdiction "is satisfied if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (internal citations and quotations omitted). There is "a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state to exercise specific jurisdiction over defendants. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. We give significant weight to the first three factors." *Fastpath*, 760 F.3d at 821. The third factor analyzes the connection between the cause of action and the contacts, so "[t]he third factor distinguishes whether the jurisdiction is specific or general." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). The balance of these factors does not favor a finding of personal jurisdiction.

4

Plaintiff relies on the fact that she (1) booked her travel while in Missouri; (2) booked her travel through a Missouri-based travel agent; (3) paid with funds from a Missouri bank account; (4) based her purchasing decision on advertisements, website content, and marketing materials circulated in Missouri by the Defendant; and (5) was treated for her injuries in Missouri. These facts do not persuade the Court that it has personal jurisdiction over the Defendant.

Plaintiff's actions within the forum state are irrelevant to the analysis, given that the specific jurisdiction analysis "encompasses cases in which the suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014) (internal quotation omitted). The "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Even if the Defendant had been the one to communicate with or send money to Plaintiff, this would not provide a basis for jurisdiction. In fact, the Eighth Circuit has held that the out-of-state defendant company's emails, phone calls, and wire transfer of money to the plaintiff, a Missouri company, were "the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal jurisdiction." *Viasystems, Inc.*, 646 F.3d at 594.

Moreover, Plaintiff's claim involves an alleged activity or occurrence that took place in the Dominican Republic, not Missouri. For specific jurisdiction to exist, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U. S. 915, 919 (2011). Personal jurisdiction cannot be established by the mere fact that a Missouri resident was allegedly injured by Defendant's actions outside of Missouri and treated for those injuries in Missouri. "[M]ere injury to a forum resident is not a sufficient connection to the forum

. . . an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

As an additional basis for specific jurisdiction, Plaintiff alleges she based her purchasing decision on advertisements, website content, and marketing materials allegedly circulated in Missouri by the Defendant. A particular action by a defendant does not give rise to personal jurisdiction unless it is "uniquely or expressly aimed at the forum state[.]" *Viasystems, Inc.*, 646 F.3d at 594. Here, there is nothing to suggest that Defendant's advertisements, website content, and marketing materials were aimed at Missouri. Regardless, Plaintiff's claims are not based on Defendant's advertisements or her own travel arrangements. Here, Defendant's suit-related conduct is the allegedly negligent maintenance of a resort in Punta Cana, which is simply not sufficient to create a substantial connection to Missouri.

Taken together, these contacts are not of the quantity or quality required by the five-factor test outlined above. Moreover, these contacts are not sufficiently related to the cause of action in this case. While Missouri has an interest in providing a forum for its residents, this interest is far outweighed by the importance of ensuring due process for all litigants. Thus, the Court concludes that the Defendant's contacts with Missouri are insufficient to satisfy the requirements of specific jurisdiction.

### B. <u>General Jurisdiction</u>

General jurisdiction for a corporation is typically limited to its place of incorporation or principal place of business, except in an "exceptional case." *Daimler*, 134 S.Ct. at 761, n. 19. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919

(internal quotation omitted); *see also Viasystems, Inc.*, 646 F.3d at 595. However, "[b]ecause it extends to causes of action unrelated to the defendant's contacts with the forum state, general jurisdiction over a defendant is subject to a higher due process threshold." *Viasystems, Inc.*, 646 F.3d at 595. "General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139.

Here, Plaintiff has identified three possible bases for a finding of general jurisdiction over Defendant: (1) A lawsuit filed by the Defendant eight years ago in federal court in Missouri;[1] (2) Defendant's now-closed franchise in St. Louis, Missouri; and (3) an Annual Registration Report filed by Hard Rock Café International (STP) with the Missouri Secretary of State on February 26, 2018. Taken in the light most favorable to Plaintiff, these facts do not establish a basis for general jurisdiction that would comport with due process.

The Defendant's filing of a single lawsuit years ago over unauthorized use of its trademarks within this jurisdiction is simply not enough to support a finding of general jurisdiction over Defendant. Second, the occurrence that gave rise to this claim did not occur at the Hard Rock Café in St. Louis. Moreover, the St. Louis franchise closed almost four months before Plaintiff filed this suit. And, at the time of the St. Louis franchise's opening, Defendant had nearly one hundred similar franchise operations in states across the country, (Doc. 18-3, p. 3), demonstrating that its operations in Missouri were not substantially greater than in any other forum. Finally, the 2018 Annual Registration Report does not provide a basis for general jurisdiction over Defendant. Hard Rock Café International (STP) is not the Defendant in this case. And, the Annual Registration was filed simply because of the Hard Rock Café operation in St. Louis – so it does not add much to the

---

[1] *Hard Rock Cafe Int'l, Inc. v. Bakker*, 2011 WL 1769590 (W.D. Mo.).

analysis. Considering all of these contacts collectively, the Court concludes that they are insufficient to demonstrate that Defendant is "at home" in Missouri, and the Court therefore does not have general jurisdiction over Defendant.

### C. Dismissal or Transfer

A court has two options when personal jurisdiction is lacking. One is to dismiss the case without prejudice. The other is to transfer the case to a forum where personal jurisdiction exists. 28 U.S.C. § 1406(a); *see also Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 588 (8th Cir. 2007) (§ 1406(a) permits transfer when personal jurisdiction is lacking). However, the Court will transfer the case only if Plaintiff indicates that it wants the case transferred. The Court will defer taking any action until Plaintiff expresses its views on the matter.

### III. CONCLUSION

Defendant contends it is not subject to personal jurisdiction in Missouri. The Court agrees. Defendant is a citizen of Florida, its state of incorporation and the location of its principal place of business. Because Defendant is not "at home" in Missouri, Defendant is not subject to general jurisdiction in this forum. Moreover, after analyzing the requirements for specific jurisdiction, the Court concludes that Defendant lacks the minimum contacts with Missouri necessary to satisfy the Due Process Clause.

The Court will defer taking any further action for fourteen days, so that Plaintiff can indicate whether it wants the case transferred to a forum which can properly exercise personal jurisdiction over Defendant. If she does want the case to be transferred, she should also indicate

the District to which the case should be transferred.[2]

**IT IS SO ORDERED.**

DATE: August 2, 2019

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff states that Defendant's principal place of business is in Orlando, Florida, which is in the Middle District of Florida. Defendant states that its principal place of business is in Davie, Florida, which is in the Southern District.